UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| NEW HORIZONS REHABILITATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:16-cv-169 |
| CITY OF LAWRENCEBURG, INDIANA, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1. New Horizons Rehabilitation, Inc., ("New Horizons), an organization serving the needs of persons with intellectual and developmental disabilities owns and operates supportive living arrangements for its clients in residential areas in southeast Indiana. These homes, containing four or fewer residents, are located in areas zoned for single-family usages and are protected by both federal and Indiana laws that guarantee that if such homes are located in an area that is zoned as a single-family use they may not be disallowed or treated as a non-conforming use.

2. Nevertheless, for more than two years New Horizons has been stymied in its attempt to open a home for three persons with intellectual and developmental disabilities in Lawrenceburg, in an area zoned for single-family residences, by Lawrenceburg's insistence that the home is a non-conforming use and can be allowed only after a variance is approved and after the home is subjected to, and satisfies, requirements that are not imposed on single-family residences. Lawrenceburg's actions, which burden New Horizons and which burden and fail to accommodate New Horizons' clients, violate the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution; the Fair Housing Amendments Act, 42 U.S.C § 3604(f); the Rehabilitation Act, 29 U.S.C. § 794; the American with Disabilities Act, 42 U.S.C. § 12132; and Indiana law, Indiana Code § 12-28-4-8. Appropriate injunctive and declaratory relief should issue. New Horizons is also entitled to its damages.

**Jurisdiction, venue, cause of action**

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Declaratory relief is authorized by 28 U.S.C. § 2201 and 28 U.S.C. § 2202. It is also authorized by Rule 57 of the Federal Rules of Civil Procedure.

5. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391.

6. Plaintiff's federal causes of action are brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States and also pursuant to 42 U.S.C. § 3613, 42 U.S.C. § 12133, and 29 U.S.C. § 794a(a)(2).

7. This Court has supplemental jurisdiction over New Horizons' Indiana law claim pursuant to 28 U.S.C.§ 1367.

**Parties**

8. New Horizons is a non-profit corporation incorporated in Indiana.

9. The City of Lawrenceburg, Indiana, is an Indiana municipality located in southeastern Indiana.

**Factual allegations**

10. New Horizons is an organization that assists persons who have intellectual and developmental disabilities in Ripley, Dearborn, Ohio, Franklin, Decatur, and Switzerland counties in Indiana.

11. New Horizons provides a variety of services to its clients including, but not limited to, community-based employment through job training, placement and follow-along services, individualized home and community-based services, respite care, family support, day-program services, pre-vocational training and work opportunity in an industrial setting.

12. Additionally, New Horizons provides residential living options, and support, to a number of its clients.

13. It does this through five homes that it owns and operates for adults with intellectual and developmental disabilities in four Indiana communities.

14. These homes are for no more than four adults who live in the homes full time, assisted by staff persons who are present at all times.

15. The homes are supported living arrangements as recognized by Indiana law. Ind. Code § 12-11-1.1-1(e).

16. These homes are located in areas where there are single-family homes and are indistinguishable from the other single-family homes near them.

17. Because the residents of the homes do not drive, there is no greater need for parking for the homes and they do not produce any greater traffic, vehicular or otherwise, than do single-family homes containing just one nuclear-family unit.

18. In 2013 New Horizons was donated an unimproved piece of real estate in Lawrenceburg with the explicit understanding that it would build on the property a supported living home for adults with intellectual and developmental disabilities.

19. The property is located within an area zoned for, among other things, single-family residences by the City of Lawrenceburg. Specifically it is in an "R-1" district that is zoned for "single, two, and multi family residential" according to Lawrenceburg's zoning code.

20. New Horizons anticipated that the home would house three, unrelated, adults with intellectual and developmental disabilities and would contain four bedrooms.

21. The home would not need any additional parking or anything else different than the other single-family residences in the neighborhood and would be indistinguishable from those residences.

22. The home would be properly set off from the street and other property as required by the City of Lawrenceburg's zoning ordinances and met all the requirements for a single-family residence under the ordinances and the other rules and requirements utilized by the City of Lawrenceburg.

23. In 2014 the builder who had been chosen by New Horizons to construct the home applied for a building permit with the appropriate office within the City of Lawrenceburg. These are granted as a matter of course when a builder presents plans to build a single-family home in an area zoned for single-family usage and would have been approved if the home's anticipated use was for a "traditional" family.

24. However, when Mike Clark, the Director of Engineering and Zoning Director for the City of Lawrenceburg discovered that the home was to house three unrelated adults with intellectual and developmental disabilities he stated that the home was not a consistent use in an area zoned for single-family residences and further stated that New Horizons would have to seek a variance from the Lawrenceburg Advisory Plan Commission to build the home.

25. Specifically, New Horizons was advised that the home was considered a 4-unit boarding house / medical facility.

26. The City of Lawrenceburg's zoning code defines "boarding house" as "a building, other than a hotel or motel, where, for compensation, meals and/or lodging are provided for 3 but not more than 6 non-transient persons."

27. The zoning code does not define "medical facility."

28. New Horizons' planned home is not a boarding house or a medical facility.

29. New Horizons began the variance process in May of 2014.

30. Among other things, this required notifying all the neighbors of the planned use of the property and appearing at a public hearing to demonstrate that the variance should be granted.

31. At least one neighbor indicated his opposition to the home and its planned usage and New Horizons withdrew the variance request in June of 2014 after being advised by Mr. Clark that the variance would not be granted.

32. The Executive Director of New Horizons repeatedly informed Mr. Clark that the planned home was neither a boarding house nor a medical facility and that it had to be treated as a single family residence.

33. Throughout 2015 various persons associated with New Horizons, including its Executive Director and its lawyer, had conversations with Mr. Clark to try to get approval for the home.

34. Not only did Mr. Clark refuse to allow the home to be treated as a conforming residential use, but he insisted that the plans that had been drawn up for the building be redesigned by an engineer as a commercial building.

35. This commercial building designation required approval by the Division of Fire and Building Safety within the Indiana Department of Homeland Security.

36. After being informed of this requirement the Executive Director of New Horizons attempted to secure a variance from the Indiana Department of Homeland Security, paying the required fee.

37. However, given that the planned home is a home, and not a commercial building, she was not able to obtain approval from the Department of Homeland Security, despite travelling to Indianapolis to attempt to secure this.

38. In late 2015, the then-attorney for New Horizons communicated on a number of occasions with the attorney for the City of Lawrenceburg, ultimately asking that the City reconsider its decision that New Horizon's planned home was not a residential usage and therefore was a non-conforming use.

39. The City of Lawrenceburg continues to maintain its position.

40. At all times the City of Lawrenceburg has refused to reconsider its earlier decision and the request for reconsideration was denied.

41. The City of Lawrenceburg is a recipient of federal funding.

42. But for the fact that New Horizons' planned home for persons with intellectual and developmental disabilities in Lawrenceburg is for persons with disabilities the City of Lawrenceburg would not have interfered in any way with the building of the home.

43. The City of Lawrenceburg has engaged in intentional discrimination against New Horizon and its clients with intellectual and developmental disabilities solely because the planned home is for persons with intellectual and developmental disabilities.

44. The City of Lawrenceburg has refused to make reasonable accommodations in its zoning rules and requirements that are necessary to afford persons with intellectual and developmental

disabilities the equal opportunity to use and enjoy New Horizons' planned home in Lawrenceburg.

45. At all times the City of Lawrenceburg has acted under color of state law.

46. New Horizons has suffered damages as the result of the City of Lawrenceburg's intentional discrimination.

47. New Horizons and its clients are being caused irreparable harm for which there is no adequate remedy at law.

**Jury trial demand**

48. Plaintiff demands a trial by jury on all claims so triable.

**Legal claims**

49. The actions of the City of Lawrenceburg in treating New Horizons' planned home for adults with intellectual and developmental disabilities differently than that for a single family represents intentional discrimination against New Horizons because of the status of its clients as persons with intellectual and developmental disabilities in violation of the Equal Protection Clause of the Fourteenth Amendment; the Rehabilitation Act, 29 U.S.C. § 793(a); the Fair Housing Amendments Act, 42 U.S.C. § 3604(f); and the Americans with Disabilities Act, 42 U.S.C. § 12132.

50. The actions of the City of Lawrenceburg in refusing to modify its zoning ordinance to accommodate New Horizons' home for adults with intellectual and developmental disabilities represents a failure of the City to make reasonable accommodations necessary to avoid discrimination on the basis of disability in violation the Rehabilitation Act, 29 U.S.C. § 793(a); the Fair Housing Amendments Act, 42 U.S.C. § 3604(f); and the Americans with Disabilities Act, 42 U.S.C. § 12132.

51.     The actions of the City of Lawrenceburg violates Indiana Code § 12-28-4-8, which explicitly requires that the City of Lawrenceburg apply the same zoning requirements, developmental standards, and building codes to New Horizons' planned home for three adults with intellectual and developmental disabilities as it does to "other residential structures or improvements in the same residential zoning district or classification."

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1.      Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2.      Declare that defendant has violated the United States Constitution, federal law, and the Indiana Code, for the reasons noted above.

3.      Enter a preliminary injunction, later to be made permanent, enjoining the City of Lawrenceburg from treating New Horizons' planned home for three adults with intellectual and developmental disabilities any differently than a single family residence for zoning requirements, building codes, or any other purposes.

4.      Award plaintiff its damages following a jury trial.

5.      Award plaintiff its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794a(b), 42 U.S.C. § 12133, and 42 U.S.C. § 3613(c)(2).

6.      Award all other proper relief.

*s/ Kenneth J. Falk*
Kenneth J. Falk

*s/ Jan P. Mensz*
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
jmensz@aclu-in.org

Attorneys for Plaintiff